Eric Nielson #5327
Laura Nielson #15008
G. ERIC NIELSON & ASSOCIATES
4790 S. Holladay Blvd.
Holladay, Utah 84117
Phone: (801) 424-9088
Fax:    (801) 438-0199
ericnielson@ericnielson.com
lauranielson@ericnielson.com

*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT,
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRAIG F., and J.F., | **COMPLAINT** |
| Plaintiffs, | Case No. 2:21-cv-00080-DBP |
| vs. | Judge Dustin B. Pead |
| AETNA, INC., and AETNA OPEN ACCESS MANAGED CHOICE, | |
| Defendants. | |

**COME NOW** Criag F. and J.F., collectively, individually and through their undersigned counsel, complain and allege against the above-captioned defendants as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Craig. F. ("Craig") is a natural person residing in Playa Vista, California. He is covered by Aetna, Inc., Aetna Open Access Managed Choice, ("the Plan"), through his employer, ADP TotalSource, Inc.

2. Plaintiff J.F. ("J.F.") is a resident of Playa Vista, California. As a beneficiary of his father's health insurance plan, he received treatment at Open Sky Wilderness ("Open Sky"), a licensed residential treatment facility in Durango, Colorado from November 7, 2017 through January 24, 2018.

1

3. This Court has jurisdiction over this matter and venue is appropriate pursuant to 29 U.S.C. §1132(e)(2) and 29 U.S.C. § 1391(c) because the appeals were written by a company located in Salt Lake City, Utah.

4. Plaintiffs seek payment of J.F. denied claims from November 7, 2017, through January 24, 2018, pursuant to 29 U.S.C. §1132(a)(1)(B) and pursuant to the Mental Health Parity and Addiction Equity Act of 2008 ("the Parity Act").

5. Plaintiffs also seek an award of prejudgment interest and attorney's fees pursuant to 29 U.S.C. §1132(g).

## FACTUAL BACKGROUND

6. J.F. was a full time student enrolled at Indiana University in the Fall of 2015. He was cited multiple times for use of marijuana in his dorm room.

7. In February 2016, J.F. was arrested by for possession of marijuana.

8. To avoid explusion, J.F. chose to withdraw from the University and entered into an agreement with the Court, which resulted in dismissal.

9. March 2016, J.F. returned home to Los Angeles and began seeing an addiction psychologist.

10. October 2016, at the recommendation of his psychologist, J.F. was admitted to Promises Treatment Center for 4 months.

11. J.F. continued to struggle and was tested by the Pyschological Care and Healing Center. The test was a Multidisciplinary Neuropsyschological and Psychaitric Evaluation.

12. On November 7, 2017 J.F. was admitted to Open Sky at the recommendation of a license psychiastrist that specialized in evaluating behavior health progems throughout the country.

13. J.F. completed treatment at Open Sky in January 2018. He then enrolled in Cascade Crest Transition ("CCT").

14. November 2018, J.F. graduated from CCT and enrolled into schooling to be able to support himself.

### Pre-Litigation Appeal of the Plan's Denial of Coverage for J.F.'s Care

15. J.F. and Craig first received notice of J.F.'s denied coverage of his treatment at Open Sky through convoluted EOB's they received in the mail.

16. Craig submitted a level one member appeal to the Plan on March 4, 2019. He requested a review as to why the claims from November 7, 2017, through January 24, 2018 were denied. .

17. On April 5, 2019, the Plan sent a response letter stating the claims were denied due to missing clinical information. The Plan also stated J.F.'s treatment was not medically necessary and upheld the denial as LOCAT criteria does not support residential treatment.

18. On May 29. 2019, the F. Family submitted a level two member appeal to the Plan.

19. On June 24, 2019, the Plan sent a response letter stating again the claims were denied due to missing clinical information and upheld the denial for lack of medical necessity.

20. On October 8, 2019, Craig wrote a letter to the National External Review Unit to request an independent review of the Plan's denial.

21. On October 31, 2019, the Plan sent a response letter stating they were unable to request the external review due to the nature of the denial did not meet eligibility criteria.

22. On November 6, 2019, the Plan sent a final decision letter upholding the original denial.

23. On December 17, 2019, Craig submitted a Complaint to the Florida Department of Financial Services regarding the denial of claims.

24. On January, 7, 2019, the Florida Department of Financial Services upheld the denials stating the insurance policy specifically excludes wilderness treatment programs.

## CAUSES OF ACTION

(Claim for Benefits Under 29 U.S.C. §1132(a)(1)(B))

25. ERISA imposes higher-than-marketplace standards on the Plan and other ERISA fiduciaries. It sets forth a special standard of care upon a plan fiduciary, namely that the administrator discharges all plan duties solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing them benefits. 29 U.S.C. §1104(a)(1).

26. ERISA also underscores the particular importance of accurate claims processing and evaluation by requiring that plan administrators provide a "full and fair review" of claim denials. 29 U.S.C. §1104(a)(1)(D) and §1133(2).

27. The Plan's actions or failures to act constitute a breach of its fiduciary duties to Craig and J.F.. under 29 U.S.C. §1104 and §1133 in the following ways: 1) by failing to set forth the specific reasons for J.F.'s claim denial, written in a manner calculated to be understood by Craig and J.F..; 2) by failing to provide a "full and fair review," as anticipated in ERISA's claims processing regulations, of the denial of the J.F.'s claim.

## Claim for Relief for Violating the Parity Act

28. Congress enacted the Parity Act as an amendment to ERISA, making it enforceable through a cause of action under 29 U.S.C. § 1132(a)(3) as a violation of a "provision of this subchapter." *A.F. ex rel. Legaard v. Providence Health Plan,* 35 F.Supp.3d 1298, 1304 (D.Or.2014); *see also* 29 U.S.C. § 1132(a)(3)(A)-(B).

29. The Parity Act requires that if a group health plan provides both medical and surgical benefits as well as mental health or substance use disorder benefits, then it may not apply any "treatment limitation to mental health or substance use disorder benefits in any classification that is more restrictive than the predominant ... treatment limitation of that type applied to substantially all medical/surgical benefits in the same classification." 29 C.F.R. § 2590.712(c)(2)(i) (amended Jan. 13, 2014); *see also* IFRs Under the Parity Act, 75 Fed. Reg. at 5413.

30. The Parity Act also requires that if a plan "provides mental health or substance use disorder benefits in any classification of benefits..., mental health or substance use disorder benefits must be provided in every classification in which medical/surgical benefits are provided." 29 C.F.R. § 2590.712(c)(2)(ii).

31. The Plan violated the Parity Act by denying provides services that are less intensive than acute hospitalization and more intensive than outpatient therapy.

32. The actions of the Plan in failing to provide coverage for J.F.'s treatment violate the terms of the Plan, ERISA and its underlying regulations, and the Parity Act.

33. The actions of the Plan has caused damage to Craig and J.F. in the form of denial of payment of J.F.'s treatment.

34. The Plan is responsible to pay for J.F.'s treatment claim along with pre-judgment interest and attorney's fees and costs pursuant to 29 U.S.C. §1132 (g).

## **RELIEF**

WHEREFORE, Plaintiffs seeks relief as follows:

35. Judgment in the amount of J.F.'s past due treatment claim from November 7, 2017, through January 24 2018.

36. Pre- and post-judgment interest on the past due benefits pursuant to U.C.A. §15-1-1;

37. An award of attorney fees pursuant to 29 U.S.C. §1132(g); and

38. For such further relief as the Court deems equitable.

RESPECTFULLY SUBMITTED this 5th day of February, 2021.

                                 G. ERIC NIELSON & ASSOCIATES

                                 */s/ Laura Nielson*
                                 Laura Nielson

                                 *Attorney for Plaintiff*